IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BRYAN C. NORRIS and SCOTT KINGSBURY,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW the Plaintiffs, Bryan C. Norris and Scott Kingsbury, by and through their attorneys, Anderson Hemmat, LLC and for their Complaint and Jury Demand against the Defendant, states as follows:

### I.    PARTIES

1. Plaintiff, Bryan C. Norris is and was at all times pertinent hereto a resident and citizen of the County of Weld, State of Colorado who presently resides at 2100 Birdie Way, Milliken, Colorado 80543.

2. Plaintiff, Scott Kingsbury is and was at all times pertinent hereto a resident and citizen of the County of Elbert, State of Colorado who presently resides at 3796 Pasture Gate Circle, Elizabeth, Colorado 80107.

3. Defendant, United States of America is an entity subject to suit pursuant to the FEDERAL TORT CLAIMS ACT (hereinafter "F.T.C.A.") for money damages, for injury or loss

of property, or personal injury or death caused by the negligent or wrongful act or omission of an employee or employees of the United States, or of an agency of the United States.

4. The United States Postal Service (hereinafter "U.S. Postal Service" or "U.S.P.S.") is an entity or agency of the United States of America and is authorized to do business in Colorado.

5. Based upon information and belief, Alyssa L. Cox (hereinafter "Cox") was acting within the course and scope of her employment as an employee of the United States Postal Service at the time of the incident alleged in this Complaint. Cox would be liable to the Plaintiffs in accordance with the laws of the State of Colorado, however, Plaintiffs believe that if Cox were named as a party defendant that the United States would substitute itself as a party defendant pursuant to the F.T.C.A. 28 U.S.C. § 1346(b) provides that the United States will be liable to the same extent as a private person ". . . in accordance with the law of the place where the act or omission occurred." Therefore, Alyssa L. Cox is named herein *only* for informational purposes and *not* as a named defendant.

## II.    JURISDICTION AND VENUE

6. The United States District Court of the District of Colorado Court jurisdiction over this action pursuant to the FEDERAL TORT CLAIMS ACT, 28 U.S.C. §§ 1346(b)(1), 2401(b), 2671-2680, *et seq.,* which provides for exclusive jurisdiction to the District Court over civil actions on claims against the United States for money damages for personal injury and property damage. This is an action for damages as a result of a motor vehicle collision due to the negligence of an employee of the United States Postal Service, negligence *per se,* and for relief in excess of Colorado statutory injury limits.

7. Venue is proper in this Court pursuant to 28 U.S.C. 1402(b):

> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district

where the plaintiff resides or wherein the act or omission complained of occurred.

8. Plaintiffs filed a written notice of claim alleging negligence by United States Postal Service employee Alyssa L. Cox.  The claim was filed with the United States Postal Service, on Standard Form 95 CLAIM FOR DAMAGE, INJURY, OR DEATH on February 24, 2022 for injuries, damages and losses to Plaintiff Kingsbury. The claim was filed with the United States Postal Service, on Standard Form 95 CLAIM FOR DAMAGE, INJURY, OR DEATH on March 14, 2022 for injuries, damages and losses to Plaintiff Norris.  See Plaintiffs' Exhibits 1 and 2 attached hereto and incorporated herein by this reference.  The date of the collision was July 21, 2020, therefore, Plaintiffs' written notice of claim was timely presented pursuant to 28 U.S.C. § 2401(b).

9. Plaintiffs have exhausted their Administrative Remedies in accordance with 28 U.S.C. §§ 1346(b), 2401(b) and 39 C.F.R. 912.9(b).

## GENERAL NATURE OF ACTION

10. This is a tort action seeking an award to Plaintiffs for personal injuries, medical expenses, pain and suffering, property damages and losses, incurred by the negligence of a government employee.  Further, Plaintiffs  seek damages for recovery of the non-economic losses.  Plaintiffs also seek permanent physical impairment and disfigurement damages.  Lastly, Plaintiffs seek DAMAGES FOR NON-ECONOMIC OR INJURY pursuant to C.R.S.  § 13-21-102.5. This very same statute allows for compensatory damages, medical expenses both past and future, and wage loss, both past and future.

### III.   FACTURAL ALLEGATIONS

11. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

12. On July 21, 2020 at approximately 12:08 p.m., Plaintiff Bryan C. Norris was driving a 2013 Ford F-150 Pickup with Plaintiff Scott Kingsbury riding as passenger and was proceeding north on Clydesdale Parkway near the intersection with Saint Cloud Drive in the City of Loveland, County of Larimer, State of Colorado. At that same time and place, Alyssa L. Cox was driving a USPS mail truck and was proceeding west on St. Cloud and in a reckless, careless and negligent manner, failed to stop at the stop sign and struck Plaintiff Norris' vehicle, thereby resulting in injuries, damages and losses to Plaintiffs.

13. Plaintiffs suffered severe physical injuries and continuing pain and suffering as a result of the negligence of Alyssa L. Cox, A U.S.P.S. employee.

14. Plaintiffs incurred serious property damages as a result of the collision.

15. Ms. Cox failed to use reasonable care in operating her vehicle.

16. As a direct and proximate result of Ms. Cox's failure to use reasonable care, Plaintiffs have suffered serious physical injuries.

17. As a direct and proximate result of Ms. Cox's failure to use reasonable care, Plaintiffs have suffered further losses including past, present and future medical drug and rehabilitation expenses.

18. As a direct and proximate result of Ms. Cox's failure to use reasonable care, Plaintiffs have suffered non-economic damages including but not limited to, loss of enjoyment of life, impairment in the quality of life, extreme and continuing pain and suffering along with the emotional distress, all to be proven at trial.

19. As a direct and proximate result of Ms. Cox's failure to use reasonable care, Plaintiffs will continue to incur medical expenses for surgery, hospital care, provider care,

physical therapy, and other related and similar expenses for his injuries, future surgery, damages and losses, all to be proven at trial.

20. Plaintiff Norris' claim for damages herein is for money damages of $819,030.48 and does not exceed the dollar amount demanded in Plaintiff's Standard Form 95 CLAIM FOR DAMAGE, INJURY OR DEATH pursuant to 28 U.S.C. § 2675(b).

21. Plaintiff Kingsbury's claim for damages herein is for money damages of $754,122.40 and does not exceed the dollar amount demanded in Plaintiffs's Standard Form 95 CLAIM FOR DAMAGE, INJURY OR DEATH pursuant to 28 U.S.C. § 2675(b).

### IV. PRELIMINARY ALLEGATOINS
### (Respondeat Superior)

22. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

23. Based upon information and belief, Alyssa M. Cox was an employee and agent of the United States Postal Service at all times relevant hereto.

24. Cox was acting in the course and scope of her employment and authority with the U.S.P.S. at all times relevant hereto.

25. Under 28 U.S.C. § 2674, the United States is liable for torts in the same manner and to the same extent as a private individual under like circumstances.

26. The acts or omissions of Stevens are in law the acts or omissions of the United States and the U.S.P.S.

27. Therefore, the United States and the U.S.P.S. are liable for the negligent acts of omissions of Stevens.

### V. PLAINTIFFS' FIRST CLAIM FOR RELIEF
### (Negligence)

28. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

29. Under Colorado law, a Plaintiff must show that (1) the defendant owed a legal duty to the Plaintiffs; (2) the defendant breached that duty; and (3) the breach of duty caused the harm resulting in the damages alleged. *Gerrity Oil & Gas Corp. v. Magness,* 946 P.2d 913, 929 (Colo. 1997).

30. Cox owed a legal duty to Plaintiffs to drive her vehicle with reasonable care.

31. Cox breached her duty to drive with reasonable care by rear-ending the vehicle Plaintiffs were in.

32. Cox' breach of her duty to drive with reasonable care caused Plaintiffs' physical injuries and property damages.

33. But for Cox's negligence, Plaintiffs injuries would have not occurred.

34. The United States is liable for the negligence of its employee, Alyssa L. Cox.

## VI. PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (Negligence *per se*)

35. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

36. At the time of the collision, C.R.S. § 42-4-1402(2) CARELESS DRIVING CAUSING INJURY OR DEATH was in effect. "Any person who violates any provision of this section commits a class 2 misdemeanor traffic offense, but, if the person's actions are the proximate cause of bodily injury or death to another, such person commits a class 1 misdemeanor traffic offense."

37. Cox violated this law by driving her vehicle in a careless manner causing bodily injury to Plaintiffs.

38. This statute was enacted for the public benefit.

39. Plaintiffs are in the class of persons Colorado's law prohibiting such driving was intended to prevent.

40. Plaintiffs sustained the type of injuries Colorado's law prohibiting such driving was intended to prevent.

41. Cox's violation of Colorado's law prohibiting such driving behavior constitutes negligence *per se*.

42. Cox's negligence *per se* was the cause of Plaintiffs' injuries, damages, and losses.

43. The United States is liable for the negligence *per se* of its employee, Alyssa L. Cox.

## VII. DAMAGES
**(Negligence *per se*)**

44. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

45. Defendant, the United States and its agency the United States Postal Service, are liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

46. The negligence of Alyssa L. Cox, an employee of the U.S.P.S., caused Plaintiffs to incur past, present, and future non-economic injuries, damages and losses, pain and suffering, emotional stress, impairment of the quality of life and substantial inconvenience.

47. The negligence of Alyssa L. Cox an employee of the U.S.P.S., caused Plaintiffs to incur past, present, and future economic losses which include doctor, medical and hospital expenses, prescription and non-prescription medications, loss of future income and earning capacity.

48. The negligence and negligence *per se* of Alyssa L. Cox an employee of the U.S.P.S., caused Plaintiffs to incur permanent disability and physical impairment.

**WHEREFORE**, Plaintiffs respectfully request:

- Judgment be entered against Defendant for monetary damages as noted above, or in an amount to be proven at trial;

- Post-judgment interest as allowed by law and pre-judgment interest if the Court is to use Colorado law regarding statutory interest;

- Costs of litigation, including, but not limited to, service of process, filing fees, PACER or electronic access and filing fees, deposition costs, expert witness fees, and reasonable attorney fees should Plaintiffs engage legal counsel in prosecuting this claim; and

- Such other and further relief as the Court deems just and proper.

**RESPECTFULLY** submitted this 19th day of September, 2022.

        ANDERSON HEMMAT, LLC
        *s/ Chad P. Hemmat, Esq.*

        _____
        Chad P. Hemmat, Esq.
        Jason G. Alleman, Esq.
        Cameron O. Hunter, Esq.
        Anderson Hemmat, LLC
        5613 DTC Parkway, Suite 150
        Greenwood Village, Colorado 80111
        (303) 782-9999
        Fax (303) 782-9996
        chad@andersonhemmat.com
        jason@andersonhemmat.com
        cameron@andersonhemmat.com
        *Counsel for Plaintiffs*